IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 06-710-02 |
| v. | : | |
| | : | |
| CHRISTOPHER YOUNG | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              JANUARY 17, 2008

I.  BACKGROUND

        Defendant Christopher Young, along with three other co-
conspirators, was charged with robbing a Wal-Mart of $334,763.00
in the early morning hours following Black Friday in 2006.  At
his arraignment on December 20, 2006, Young pled not guilty to
all charges.  Subsequently, however, on March 7, 2007, Young
changed his plea to guilty on all counts, pursuant to a plea
agreement with the Government.[1]  Before the Court are Young's pro
se and counseled motions to withdraw his guilty plea and several
other pro se motions filed by Young.[2]

---

        [1]    Young pled guilty to Hobbs Act robbery and conspiracy
in violation of 18 U.S.C. § 1951(a), and using or carrying a
firearm during or in relation to a crime of violence and aiding
and abetting in violation of 18 U.S.C. §§ 924(c)(1) and 2.

        [2]    As discussed further below, Young has retained counsel
yet continues to file pro se motions.

II.  WITHDRAWAL OF GUILTY PLEA

    A.  <u>Legal Standard</u>

        A defendant may only withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  The Court must consider: "(1) whether the defendant asserts [his] innocence; (2) whether the government would be prejudiced by the withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." <u>United States v. Brown</u>, 250 F.3d 811, 815 (3d Cir. 2001).

        As to the first factor, a bald claim of innocence is insufficient.  <u>Id.</u> at 818.  Rather, "[a]ssertions of innocence must be buttressed by facts in the record that support a claimed defense."  <u>Id.</u>  Additionally, "a defendant must give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea."  <u>Id.</u>

        As to the second factor, the Court must consider specifically whether the Government would be prejudiced by the delay in bringing the case to trial at this time.  <u>Gov't of V.I. v. Berry</u>, 631 F.2d 214, 221 (3d Cir. 1980).

        Finally, with regard to the third factor, a defendant's change of heart alone is not a sufficient reason for withdrawal. <u>Berry</u>, 631 F.2d at 221; <u>United States v. Isaac</u>, 141 F.3d 477, 485

(3d Cir. 1998) ("Once a defendant has entered a voluntary and informed plea, the fact that he changes his mind about his chances at trial is simply not enough to justify relieving him of the consequences of his solemn admission.").

B.   <u>Discussion</u>

The Court considers below whether Young's motions[3] to withdraw guilty plea satisfy each of the three factors set forth by the Third Circuit in <u>Brown</u>.

1.   <u>Actual innocence</u>

Young now claims that he is actually innocent of all charges because the two witnesses to the robbery did not identify him as the person who robbed them.  Young bases this claim on evidence contained in the <u>Brady</u> material that was turned over to him <u>before</u> he changed his plea to guilty.

---

[3]   The docket contains three versions of Young's motion to withdraw his guilty plea.  Young initially filed a pro se motion to withdraw his plea (doc. no. 156).  Subsequently, when ordered by the Court to do so, Young filed a counseled motion to withdraw his plea (doc. no. 163).  Later, dissatisfied with his counseled motion, Young again filed a pro se motion to withdraw his plea (doc. no. 167).  At the hearing on the motions to withdraw guilty plea, Young's counsel adopted the arguments made in Young's pro se motions.  Therefore, the Court will consider all three motions filed by Young (two pro se and one counseled).  <u>Accord</u> <u>United States v. Ukandu</u>, 894 F. Supp. 197, 198 (E.D. Pa. 1995) ("If a defendant has counsel, then I will consider the motions filed by counsel and not motions filed by the defendant unless counsel adopts the motion as his or her own.").

Young's bald claim of innocence is insufficient. First, although Young generally directs the Court to discovery that was provided to him, he does not point to the specific evidence justifying his defense. Moreover, Young offers no reason to explain why he took a contradictory position before the Court, despite having possessed the evidence allegedly supporting his innocence before changing his plea to guilty. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Therefore, Young has not made a genuine claim that he is actually innocent.

### 2.   Prejudice to the Government

In cases closely resembling this one, the Third Circuit has found that the Government would be prejudiced by the withdrawal of a guilty plea. In Berry, the defendant was to have been tried jointly with a co-conspirator, but instead pled guilty; after his co-conspirator's trial ended, the defendant moved to withdraw his plea. 631 F.2d at 221. The district court denied the motion, and the Third Circuit affirmed, finding that "the government was prejudiced because [another co-conspirator], who gave testimony at [the] trial in compliance with the terms of

his plea agreement, has now been sentenced for second-degree murder, and therefore his cooperation as a witness in a future trial is uncertain." Id.  Additionally, the Court found prejudice because "it would be unfair to allow [the defendant], by pleading guilty and allowing the trial of his alleged co-conspirator to proceed, to get a preview of the state's case against him." Id.

Similarly, in United States v. Trott, the Third Circuit affirmed a denial of a motion to withdraw guilty plea where "the government would be prejudiced by having to reschedule the trial, to provide once again protection for the endangered witnesses, and to expose these witnesses to further risk."  779 F.2d 912, 915-16 (3d Cir. 1985).

Here, Young is one of four co-defendants who were to be tried together.  One co-defendant pled not guilty, and, after a trial, was convicted on all counts.  The other two co-defendants pled guilty and have been sentenced.  Therefore, as in Berry, Young has improperly previewed the Government's case against him, and the Government may face significant difficulty in obtaining the cooperation of the co-defendants who have been sentenced. Moreover, at the earlier trial of a co-defendant, one key witness was visibly apprehensive about testifying in this case,[4] and

---

[4]     The young man was seen in the videotape of the robbery being held with a gun pointed to his head by a co-defendant, and was visibly distressed during the trial testimony.

another witness was threatened.  Under these circumstances, as in
Trott, the Government would be prejudiced by having to once again
protect these potential witnesses from danger.  Therefore, the
Court finds that the Government would be prejudiced by withdrawal
at this stage.

### 3.   Strength of reasons for withdrawal

Young argues that he should be permitted to withdraw
his guilty plea because his counsel incorrectly advised him as to
the length of the term of imprisonment he might face under the
Federal Sentencing Guidelines.  Young argues that his attorney
erroneously advised him that he was a Career Offender under the
Guidelines and thus subject to a sentencing enhancement.  Young
contends that, had he known that he was not a Career Offender,
and thus of his reduced sentence exposure, he would not have pled
guilty, but rather would have gone to trial.

In essence, Young is arguing that his counsel was
ineffective in advising him of the possible punishment he could
face if he went to trial.[5]  Young's argument has no merit,

---

[5]     Although a claim of ineffective assistance is usually
best reviewed in a collateral proceeding in order to allow for
the development of a full record, see United States v. Gambino,
788 F.2d 938, 950 (3d Cir. 1986), where, as here, accepting the
defendant's factual allegations as true, the claim has no legal
merit, it may be addressed by the Court directly.  See Gov't of
V.I. v. Zepp, 748 F.2d 125, 133 (3d Cir. 1984) (recognizing
preference for raising ineffective assistance claim in collateral
proceeding but "conclud[ing] that we do have an adequate record

however, because he is a Career Offender.  A Career Offender must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  Young objects to the inclusion of his conviction for possessing cocaine with the intent to distribute in the calculus, arguing that it is not a "controlled substance offense."

A "controlled substance offense" includes "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance . . . with intent to . . . distribute."  U.S.S.G. § 4B1.2.  Young's conviction qualifies as a "controlled substance offense" because he violated a state law prohibiting the possession of cocaine with the intent to distribute and imposing a punishment of imprisonment for a term exceeding one year.[6]  See 35 Pa. Cons. Stat. § 780-113(a)(30) (prohibiting "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance"); id. § 780-113(f)(1.1)

_____

and thus an additional evidentiary hearing need not be conducted to develop the facts").

[6]    Accord United States v. Speaks, No. 06-2987, 2007 WL 1739969, at *2 (3d Cir. 2007) (conviction under Pennsylvania law for possession with intent to distribute was "controlled substance offense"); Jackson v. United States, No. 06-4698, 2007 WL 656685, at *4 n.8 (Feb. 26, 2007) ("All of these are convictions for unlawful delivery of or possession with intent to deliver powder cocaine or crack cocaine, in violation of 35 P.S. § 780-113(a)(30), so they qualify as 'controlled substance offenses' for purposes of U.S.S.G. § 4B1.1(a).").

(providing that a violation of § 780-113(a)(30) is punishable by "imprisonment not exceeding ten years").[7]

---

[7]     Despite having been sentenced to a term of 15-30 months for his prior offense, Young argues here that the offense is not a "felony" because it is not punishable by a term of imprisonment for more than one year. Young cites <u>Taylor v. United States</u>, 495 U.S. 575 (1990), arguing that the Court must adopt a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions" in determining whether his prior offense constitutes a controlled substance offense. <u>Id.</u> at 600.

Applying this approach, Young argues that the Court cannot consider the fact that he possessed cocaine--because § 780-113(a)(30) refers only to a "controlled substance," and not the specific drug possessed. Young argues that the Court must deem him to have possessed the least-penalized controlled substance, a Schedule V substance, which would only be punishable by "imprisonment for not more than one year," and thus would not constitute a controlled substance offense. 35 Pa. Cons. Stat. § 780-113(f)(1).

Young's reliance on <u>Taylor</u> is misplaced. Under <u>Taylor</u>, a court determining whether a prior conviction constitutes a qualifying offense for sentence-enhancement purposes normally cannot look to the facts underlying that conviction, but must restrict its inquiry to the statute of conviction. 495 U.S. at 600. The Court <u>can</u>, however, look to such underlying facts when faced with a statute that is "phrased in the disjunctive . . . with a series of numbered or letter elements . . . [that] more clearly invite further inquiry into exactly which subsection the defendant violated." <u>Singh v. Ashcroft</u>, 383 F.3d 144, 162 & n.13 (3d Cir. 2002); <u>Stubbs v. Att'y Gen.</u>, 452 F.3d 251, 254 (3d Cir. 2006) ("[W]here some variations of the crime . . . meet the . . . requisites and others do not, we have allowed further inquiry to see which variation was actually committed." (quotation omitted)); <u>United States v. Siegel</u>, 477 F.3d 87, 92 (3d Cir. 2007) ("[T]he statute invites inquiry into the underlying facts of the case because we are unable to determine from the face of the statute which crime or crimes Siegel pleaded guilty to.").

Here, to know which subsection of the statute Young violated, the Court must look to the facts to determine what type of controlled substance he possessed, which determines the penalty that he faced. <u>Compare</u> 35 Pa. Cons. Stat. § 780-

Therefore, Young has not provided the Court with any reason, let alone a "fair and just" reason, that he should be permitted to withdraw his guilty plea.  Accordingly, because Young has not satisfied any of the three factors set forth in <u>Brown</u>, the motion to withdraw guilty plea will be denied.

III. PRO SE MOTIONS

Young has been represented by counsel since his arraignment on December 20, 2006.  Nonetheless, since then, Young has filed eight pro se motions.

A criminal defendant has a right to counsel.  <u>See</u> U.S. Const. amend. VI.  He may alternately proceed pro se, provided that he waives his right to counsel.  <u>See</u> <u>United States v. Thomas</u>, 357 F.3d 357, 362 (3d Cir. 2004) (requiring that the "district court must undertake an affirmative on-the-record colloquy" to ensure that the defendant's waiver is "knowing, voluntary and intelligent").  However, a criminal defendant has no right to "hybrid" representation, that is, representation both pro se and by counsel in the same proceeding.  <u>United States v. Essig</u>, 10 F.3d 968, 973 (3d Cir. 1993) (holding that a court need not consider pro se motions filed by a defendant who is

---

113(f)(1) ("imprisonment not exceeding 15 years" for Schedule I substance), <u>with</u> <u>id.</u> § 780-113(f)(4) ("imprisonment not exceeding one year" for Schedule V substance).  Therefore, the <u>Taylor</u> categorical approach does not apply here, and Young's argument is without merit.

9

represented by counsel); <u>United States v. Vampire Nation</u>, 451 F.3d 189, 206 n.17 (3d Cir. 2006) ("We observe that the District Court docket is replete with pro se motions that Banks filed while represented by counsel. We note that the District Court, perhaps in an attempt to retain control of the proceedings in the face of the [defendants'] onslaught of pro se motions, ordered on March 8, 2005, that the Clerk of Court was not to accept any further pro se filings from Banks. The District Court was within its authority to do so.").

Accordingly, because Young is not entitled to "hybrid" representation both pro se and by counsel, the Court will not consider his pro se motions, except those that have been adopted by his counsel in connection with the motion to withdraw guilty plea.[8]  <u>See</u> <u>supra</u> note 3.

---

[8]      Even if the Court were to consider the pro se motions, they would be denied. Young's motion to dismiss the indictment (doc. no. 89) is procedurally improper. Even if it were proper, Young's argument that his crime does not have a nexus with interstate commerce, as required by the Hobbs Act, 18 U.S.C. § 1951(a), fails on the merits. <u>Accord</u> <u>United States v. Miles</u>, 122 F.2d 235, 241 (5th Cir. 1997) (affirming Hobbs Act conviction of defendant who robbed a McDonalds).

        Young's pro se motions concerning disclosure of grand jury materials (docs. no. 143, 144, and 145) pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) are also deficient. Young's speculation that some irregularity occurred during the grand jury proceedings is insufficient to warrant disclosure. <u>See</u> <u>United States v. Budzanoski</u>, 462 F.2d 443, 454 (3d Cir. 1972) (denying request for disclosure of grand jury material because "mere speculation that such improprieties may have occurred will not suffice"); <u>United States v. Mahoney</u>, 495 F. Supp. 1270, 1273 (E.D. Pa. 1980) (same).

10

IV.  CONCLUSION

Young's motions to withdraw his guilty plea (docs. no. 156, 163, and 167) will be denied.  Young's motion to dismiss (doc. no. 89), motion to exclude (doc. no. 153), and motions concerning disclosure of grand jury materials (docs. no. 143, 144, and 145) will be denied without prejudice.

An appropriate order follows.

---

Finally, Young's motion to exclude (doc. no. 153) is procedurally improper because it is, in effect, an objection to the Presentence Investigation Report.  Therefore, the motion will be denied without prejudice to the issue being taken up at the sentencing hearing.  Even if it were to be considered on the merits, however, the objection would not carry the day.  Young argues that because a presentence interview is a "critical stage" of proceedings, he has a right to the presence of counsel during the interview, and thus that the Presentence Investigation Report must be excluded because his counsel was not present at his presentence interview.  Young is incorrect.  See United States v. Tyler, 281 F.3d 84, 96 (3d Cir. 2002) ("[N]o court has found the Sixth Amendment right to counsel applies to routine presentence interviews.").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
UNITED STATES OF AMERICA      :     CRIMINAL ACTION
                              :     NO. 06-710-02
          v.                  :
                              :
CHRISTOPHER YOUNG             :
```

## O R D E R

AND NOW, this **17th** day of **January, 2008,** for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that Defendant's motions to withdraw guilty plea (docs. no. 156, 163, and 167) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss the indictment (doc. no. 89), motion to exclude (doc. no. 153), and motions concerning disclosure of grand jury materials (docs. no. 143, 144, and 145) are **DENIED without prejudice.**

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**