IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 06-710-02 |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 13-2625 |
| CHRISTOPHER YOUNG | : | |
| | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    July 25, 2014

Petitioner Christopher Young ("Petitioner") is a
federal prisoner incarcerated at FCI-Elkton, in Lisbon,
Ohio.  On May 14, 2013, Petitioner filed a pro se petition,
pursuant to 28 U.S.C. § 2255, raising claims concerning (1)
the sufficiency of facts proven at sentencing regarding
Petitioner's "career offender" status under Federal
Sentencing Guidelines § 4B1.1, (2) the advice provided by
trial counsel about Petitioner's applicable Guidelines
sentencing range, and (3) the validity of Petitioner's
waiver of appellate rights as part of his guilty plea. See
Pro-Se Mot. Vacate/Set Aside/Correct Sentence pursuant to §
2255, ECF No. 253 [hereinafter "Second § 2255 Petition"].[1]

On June 27, 2013, Petitioner filed a motion to amend
the Second § 2255 Petition, claiming, based on Alleyne v.

---

[1]    Unless otherwise indicated, all citations to electronically filed
documents refer to entries in Petitioner's pending criminal case, Crim.
No. 06-710-02.

United States, 133 S. Ct. 2151 (2013), that the sentencing court's determination that Petitioner "brandished" a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), breached Petitioner's Sixth Amendment rights. See Mot. Amend § 2255 Pet., ECF No. 256 [hereinafter "First Mot. Amend § 2255"]. On September 6, 2013, Petitioner filed a motion to further amend the Second § 2255 Petition, renewing his contention that he was improperly considered a "career offender" at sentencing, and also arguing that his pre-trial counsel was constitutionally ineffective, under Apprendi v. New Jersey, 530 U.S. 466 (2000), for failing to challenge the absence of the "brandishing" element of Petitioner's § 924(c) offense in the indictment returned by the grand jury. See Mot. Amend § 2255 Pet., ECF No. 260 [hereinafter "Second Mot. Amend § 2255"].

For the reasons set forth below, the Court will deny the Second § 2255 Petition without an evidentiary hearing and, further, will deny Petitioner's two motions to amend the Second § 2255 Petition.[2]

---

[2]   On July 21, 2014, the Court received an additional pro se submission from Petitioner, citing to United States v. Descamps, 133 S. Ct. 2276 (2013), in further support of Petitioner's challenge to his career offender designation at sentencing. See Motion to Add Addendum, ECF No. 261. This submission attempts to provide additional support for the merits of Petitioner's petition but does not impact its status as a second or successive petition which the District Court may not consider on the merits without certification from the Third Circuit Court of Appeals. Therefore, this motion will also be denied.

I.   BACKGROUND

On December 14, 2006, the grand jury returned a sealed indictment charging Petitioner, along with three co-conspirators, with Hobbs Act Robbery and Conspiracy, in violation of 18 U.S.C. § 1951(a) (Counts 1 and 2), and with using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3). At his arraignment, on December 19, 2006, Petitioner pled not guilty to all charges. Subsequently, on March 7, 2007, Petitioner changed his plea to guilty on all counts, pursuant to a plea agreement with the Government.

Since his March 7, 2007 guilty plea, Petitioner has filed many pro se submissions, including an "Omnibus Motion to Exclude Hearsay and Rumors" (ECF No. 153) and a "Motion to Withdraw Guilty Plea" (ECF No. 156).[3] On August 27, 2007, Petitioner filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2241.[4] See Habeas Pet., Civ. No. 07-3533, ECF No. 1. Petitioner filed a second pro se habeas petition on

---

[3]    Petitioner's Motion to Withdraw Guilty Plea was adopted by his then-counsel, Jack McMahon, Esq., on December 20, 2007 (ECF No. 163). Petitioner filed a subsequent pro se motion to withdraw guilty plea on January 3, 2008 (ECF No. 167). Following a hearing on the matters raised in these various motions, the Court issued a memorandum opinion on January 17, 2008, denying Petitioner's motion to withdraw guilty plea (ECF No. 171).

[4]    Petitioner titled his habeas petition "Movant is Challenging This Indictment Under 2241 Habeas Corpus For Lack of Personam Jurisdiction, Subject-Matter Jurisdiction and Memorandum of Law." See Habeas Pet. 6, Civ. No. 07-3533.

March 31, 2008, entitled "Verified Petition for Writ of Habeas Corpus Ad Subjiciendum the 'Great Writ'" (the "March 31, 2008 habeas petition"). See Habeas Pet., Civ. No. 08-1532, ECF No. 1. On May 8, 2008, the Court ordered the Government to respond to this petition, which it did on June 6, 2008.

Petitioner filed both of his habeas petitions while he was awaiting sentencing in the instant criminal case. On August 27, 2008, Petitioner was sentenced to 196 months in prison on Counts One and Two, and 84 months in prison on Count Three, to run consecutively to Counts One and Two. Petitioner appealed his sentence on September 2, 2008, and the Third Circuit affirmed the judgment of this Court on November 8, 2011.

On May 15, 2012, this Court denied Petitioner's § 2241 petition without prejudice, noting that the claims therein could be presented in a timely[5] § 2255 petition. See Order,

---

[5]     The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). That period generally runs from "the date on which the judgment of conviction becomes final." Id. § 2255(f)(1).

Petitioner's judgment became final on February 7, 2012, when his time to petition for a writ of certiorari for review of the Third Circuit's judgment expired. See Clay v. United States, 537 U.S. 522, 525 (2003) ("[A] judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); U.S. Sup. Ct. R. 13(1) (providing ninety-day period to file petition for writ of certiorari to review appellate court judgment). Petitioner thus had until February 7, 2013, to file a § 2255 motion.

May 15, 2012, ECF No. 243; Memorandum Opinion, May 15,

2012, at 7-8, ECF No. 242. Furthermore, with respect to

Petitioner's March 31, 2008 habeas petition, the Court gave

Petitioner notice of its intention to construe his petition

as a § 2255 petition. See Order & Notice, May 15, 2012,

Civ. No. 08-1532, ECF No. 8.[6] The Court gave Petitioner

---

[6]     The Court provided Petitioner with the following notice regarding
the effect of recharacterization pursuant to 28 U.S.C. § 2255 and
options available to him:

> Your habeas petition dated March 31, 2008, appears to
> be a petition that could have been brought under 28 U.S.C.
> § 2255, and it will be construed as such by this Court. You
> are hereby notified that federal law now requires you to
> include all of your federal constitutional claims
> challenging a specific conviction in one habeas
> corpus petition. 28 U.S.C. §§ 2244, 2255; United States v. Miller,
> 197 F.3d 644 (3d Cir. 1999). In other words, if this
> petition is denied after consideration of your claims on
> the merits, you will not be able to file another petition
> at a later time challenging the same conviction on other
> grounds, absent exceptional circumstances and certification
> by the Court of Appeals.
>
> As an unrepresented individual, you are hereby
> notified that you have the following three options: (1) you
> may withdraw your pending petition and subsequently file
> one new, all-inclusive § 2255 petition, which contains
> every ground for relief which you believe may entitle you
> to relief from the conviction and sentence you are seeking
> to challenge, provided that any new § 2255 petition is
> filed within the one-year statute of limitations; (2) you
> may amend the petition presently on file with the Court
> with any additional claims or materials in support of your
> pending claims which you want the Court to consider in
> ruling on your pending petition; however, if the amendment
> is not filed within 120 days of the date that the Court
> receives notice of your intention to amend, the Court will
> rule on the petition in the form in which it was filed; or
> (3) you may choose to have the petition ruled on as filed.
>
> You must notify the Court in writing of your choice
> of one of these three options, within thirty (30) days of
> the date of this Notice and Order. If no written
> notification of withdrawal is received within thirty (30)
> days, the Court will proceed to decide the petition as
> filed.

thirty days to notify the Court of his decision to withdraw, amend, or have the petition ruled on as filed. On August 15, 2012, having received no response from Petitioner,[7] the Court re-characterized the March 31, 2008 habeas petition as a § 2255 petition and denied and dismissed it with prejudice. See Memorandum Opinion, August 15, 2012, ECF No. 244.

On November 15, 2012, Petitioner appealed the Court's denial of his § 2255 petition. The Third Circuit denied the appeal as untimely.

---

Unless you choose to withdraw your pending motion, you will not be able to file a new § 2255 petition absent certification from the Third Circuit Court of Appeals authorizing this Court to consider it because it will be considered a second or successive habeas corpus motion. See 28 U.S.C. § 2244(b)(3)(A). This includes your ability to re-file your § 2241 petition, which this Court dismissed without prejudice, as a writ of habeas corpus under 28 U.S.C. § 2255. See Habeas Petition, Civ. No. 07-3533, ECF No. 1.

This Notice and Order does not enlarge the one-year limitation period set by 28 U.S.C. § 2255 or in any other way bear upon the question of whether or not the petition which you filed with the Court in fact was filed within the limitation period. Miller, 197 F.3d at 653 (citing United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999), cert. denied, 528 U.S. 866 (1999)).

See Order & Notice 1-3, May 15, 2012, Civ. No. 08-1532.

[7]    On September 11, 2012, three months late and nearly a month after the Court's August 15, 2012 memorandum opinion, Petitioner wrote to the Court indicating that he desired to withdraw his prior habeas submissions and not have either construed as a § 2255 habeas petition. See Order, Sept. 18, 2012, ECF No. 246 (ordering Petitioner's Sept. 11, 2012 letter be filed of record). This letter request offered no explanation or excuse for the extended delay.

On May 14, 2013, Petitioner filed his Second § 2255 Petition, and on June 27, 2013, he moved to amend the pending Petition. On July 14, 2013 the Government responded in opposition to the Second § 2255 Petition and the First Motion to Amend. On September 6, 2013, Petitioner moved to further amend the Second § 2255 Petition. The matter is now ripe for disposition.

II.   DISCUSSION

Before pursuing a second or successive § 2255 habeas petition in the Eastern District of Pennsylvania, a criminal defendant must receive certification by the Third Circuit Court of Appeals, as provided by 28 U.S.C. § 2244. The Third Circuit may only certify a second or successive § 2255 petition where it contains (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Where a criminal defendant has filed a second or successive § 2255 petition that has not been certified by the Third Circuit, the district court must dismiss that

7

petition for lack of subject matter jurisdiction. See In re Pendleton, 732 F.3d 280, 283 (3d Cir. 2013); see also Goldblum v. Klem, 510 F.3d 2014, 217 (3d Cir. 2007) ("[U]nless both the procedural and substantive requirements of § 2244 are met, the District Court lacks the authority to consider the merits of a [second or successive § 2255] petition.") (citing Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005)).

This bar on second or successive § 2255 petitions holds true in instances where a district court recharacterized a differently-labeled submission which presented the elements of a § 2255 petition, provided that the court first "inform[ed] the litigant of the [court's] intent to recharacterize, warn[ed] the litigant that the recharacterization w[ould] subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provide[d] the litigant with an opportunity to withdraw or to amend the filing." Castro v. United States, 540 U.S. 375, 377 (2003); see also Miller, 197 F.3d at 650.

In a May 15, 2012 Memorandum Opinion (ECF No. 242) the Court indicated its intention to construe Petitioner's March 31, 2008 habeas petition as a § 2255 petition. At that time, Petitioner was explicitly informed of his right to withdraw or amend the habeas petition. See Order and

Notice, May 15, 2012, Civ. No. 08-1532.  Further,
Petitioner was warned that, if the Court ruled on such a
recharacterized § 2255 petition, Petitioner would lose his
ability to file additional § 2255 petitions absent
certification by the Third Circuit Court of Appeals. Id.
Petitioner was specifically directed to notify the Court of
his intentions within thirty days of the May 15, 2012 Order
and Notice, and that, if no written notification was
received within thirty days, the Court would proceed to
decide the petition as filed. Id.

Despite receiving these warnings, Petitioner failed to
respond within the time frame provided by the Court and the
Court thus properly recharacterized Petitioner's March 31,
2008 petition as a § 2255 petition. Under the standard
provided by the Third Circuit in Miller and by the Supreme
Court in Castro, the May 15, 2012 notification provided to
Petitioner was sufficient to apprise him of his rights and
to allow the recharacterized § 2255 petition to trigger §
2255(h)'s restrictions on second or successive petitions.
Therefore, the Court must deny the pending petition as a
second or successive § 2255 petition not certified by the
Third Circuit Court of Appeals pursuant to § 2255(h).[8]

---

[8]    The Court notes that Petitioner would be unlikely to obtain
certification from the Third Circuit to pursue his present claims in a
second § 2255 petition. Petitioner cites to no newly discovered

evidence within the meaning of § 2255(h)(1). While Petitioner might assert that the 2013 Alleyne decision constitutes a new retroactive rule of constitutional law entitling him to certification under § 2255(h)(2), the Third Circuit explicitly rejected this argument in United States v. Winkelman, 746 F.3d 134, 136 (3d Cir. 2014) (holding that Alleyne cannot be applied retroactively to cases on collateral review).

As to timeliness, a petitioner filing for § 2255 relief must do so within one year of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner cites to no newly discovered facts or government-created impairments that restricted filing a § 2255 petition that would trigger an extension on the time to file a § 2255 petition under § 2255(f)(2) or (4). In light of the Third Circuit's holding in Winkelman, Petitioner may also not rely on Alleyne as a newly recognized retroactively applicable right under § 2255(f)(3). Therefore, Petitioner was required to file a § 2255 petition within one year of the date that his judgment became final.

As noted above, supra note 4, Petitioner's judgment was finalized on February 7, 2012, and thus Petitioner had until February 7, 2013, to file a § 2255 petition. Petitioner's pending § 2255 petition was executed on May 7, 2012, and mailed on May 9, 2012. Thus the Court assumes, without deciding, that the petition would be construed as untimely.

As to the merits, Petitioner's theories of relief pertaining to his designation as a career offender, his waiver of appellate rights as part of his guilty plea, and corresponding claims of ineffective assistance of counsel have previously been considered and rejected by the District Court in the January 18, 2011 Memorandum Opinion denying the motion to withdraw Petitioner's guilty plea, which was affirmed on appeal. Further, the 2013 Descamps decision that Petitioner raises in his most recent filing to the Court would be unlikely to provide relief if considered on the merits, as that decision addresses the application of the Armed Career Criminal Act sentencing enhancement, under 18 U.S.C. § 924(e), rather than the Guidelines § 4B1.1 enhancement for career offenders that applied in Petitioner's case. See Descamps, 133 S. Ct. at 2281.

10

II.  CONCLUSION

For the foregoing reasons, the Court will deny and dismiss Petitioner's motion to vacate, set aside, or correct his sentence. Petitioner's various motions to amend his pending § 2255 petition will also be denied.

An appropriate order follows.

---

Petitioner also raises claims, under <u>Alleyne</u> and <u>Apprendi</u>, concerning the "brandishing" element of Petitioner's § 924(c) offense. The Court notes that under the Third Circuit's recent decision in <u>Winkelman</u>, holding that <u>Alleyne</u> does not apply retroactively, Petitioner would likely fail to obtain § 2255 relief on the <u>Alleyne</u> theory. Additionally, the Court notes that Petitioner's theory of ineffective assistance of counsel, for failing for raise an <u>Apprendi</u> challenge to the omission of brandishing from the Indictment, would likely fail. Binding Supreme Court case law on this point at the time of Petitioner's indictment, guilty plea, and sentencing specifically rejected Petitioner's <u>Apprendi</u> theory. <u>See</u> <u>Harris v. United States</u>, 536 U.S. 545, 569 (2002). Accordingly, it is likely that counsel's decision to not pursue such a claim would be construed as reasonable trial strategy and thus that Petitioner would fail to obtain § 2255 relief on this theory.