```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| United States of America | : | CRIMINAL ACTION |
| | : | NO. 06-710-02 |
| v. | : | |
| | : | |
| Christopher Young. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                August 21, 2020

**I.   Introduction**

Christopher Young, who is serving a sentence for armed robbery and is suffering from a number of medical conditions, moves for compassionate release. He argues that his medical conditions together with the risk of COVID-19 constitute extraordinary and compelling reasons for granting compassionate release. The motion will be denied because, even assuming Young's case presents extraordinary and compelling reasons, the § 3553(a) factors do not warrant granting compassionate release.

**II.  Background**

In 2008, the Court sentenced Christopher Young to 280 months', or roughly 23 years', imprisonment. The sentence was imposed for an armed robbery, for which Young pleaded guilty to two counts of Hobbs Act robbery and one count of using a firearm in connection with a crime of violence. Young conspired with three co-defendants, including two insiders, to stage the armed

robbery of a Walmart. The conspiracy was completed, and the co-conspirators, who managed to obtain access to the store's safe, got away with $351,563. For his role as a gunman, Young was compensated with $30,000. Aside from approximately $17,000, no other money was recovered.

At sentencing, the Court determined Young's criminal history category was VI and categorized him as a career offender. Prior to this prosecution, Young was convicted of the following: unauthorized use of an automobile (in 1989, age 16), receiving stolen property (in 1990, age 17), carrying a firearm in public (in 1991, age 18), possession with intent to deliver a controlled substance (in 1993, age 20), contempt of court (in 1993, age 20), and disorderly conduct (in 2000, age 27). Young was still on parole—it had been less than two years since he was released from prison—when he committed the Walmart robbery that led to the conviction underlying his current sentence.

Young was sentenced to 280 months' imprisonment based on the career offender guideline. The guideline range, based on his criminal history category and the offense level, provided for 151 to 188 months' imprisonment, and a mandatory consecutive 84-month sentence for the firearm count applied. But, under the career offender guideline, the applicable range was 262 to 327 months' imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1(c)(2)(B) (U.S. Sentencing Comm'n 2018). Thus, this 280-

2

month sentence was reached. The other armed robber, Shabazz, was sentenced to 360 months' imprisonment. And the two insiders, who cooperated with the government, received sentences of 48 months' and 66 months' imprisonment.

Young has now served 163 months (about 13½ years), or 67 percent of his sentence, assuming he receives all remaining good conduct credit, which would make his release date January 23, 2027. In his approximately 13 years of imprisonment, he has committed seven disciplinary infractions, including one—possessing alcohol—in the most serious category.

Young now moves for compassionate release on the basis of his underlying health conditions that make him susceptible to COVID-19. At 47-years-old, he suffers from morbid obesity, end-stage renal disease, and hypertension, as well as other ailments. These three health conditions are risk factors for COVID-19, and the government does not dispute that they provide a basis for granting compassionate release. Instead, the government contends that Young should not be released based on the § 3553 factors and the danger he poses to the community.

**III. Legal Standard**

Under the compassionate release provision, the Court may, on the defendant's motion, "reduce the term of imprisonment" of the defendant "after considering the factors set forth in section 3553(a)" if (1) the administrative exhaustion

3

requirement is met, (2) "extraordinary and compelling reasons warrant such a reduction," and (3) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1).

## IV. Discussion

The motion will be denied because the § 3553(a) factors do not warrant compassionate release. Young's violent crime and his criminal history show that his release at this time would undermine the goals of sentencing. Under these circumstances, compassionate release is not warranted.

The only issue the Court needs to address in this case is whether Young's release is warranted by the § 3553(a) factors. The parties dispute whether the Sentencing Commission's policy statement is binding, and the parties agree that there are extraordinary and compelling reasons for granting compassionate release in this case. The Court need not decide either of these issues here.[1] Regardless of whether the policy statement is binding, and assuming that there are extraordinary and

---

[1] The Court recently held that the Sentencing Commission's policy statement is not binding in this situation and that "the Court can make its own independent determination as to extraordinary and compelling reasons when the defendant moves for compassionate release." United States v. Andrews, --- F. Supp. 3d ----, No. 05-cr-280-02, 2020 WL 4812626, at *4 (E.D. Pa. Aug. 19, 2020). In that same opinion, the Court articulated a standard for determining what constitutes extraordinary and compelling reasons, which the parties do not address because the standard was articulated after the briefing in this case was complete. Id. at *11 ("Thus, 'other' situations warranting a finding of extraordinary and compelling reasons may also be found when there are unusual conditions (extraordinary) and continued imprisonment results in a significant collateral or secondary harm to the defendant (compelling).").

4

compelling reasons for granting compassionate release, the § 3553(a) factors do not warrant granting the motion. Thus, the motion can be denied on the basis of the § 3553(a) factors alone.

Before granting compassionate release, the Court must consider the § 3553(a) factors. 18 U.S.C. § 3582(c)(1). And the Court may, in its discretion, deny the motion for compassionate release on the basis of the § 3553(a) factors. United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Not every § 3553(a) factor is applicable to compassionate release motions. United States v. Spivey, --- F. Supp. 3d ----, No. 10-cr-00059-01, 2020 WL 3828600, at *2 (E.D. Pa. July 8, 2020). The Court has previously identified the relevant § 3553(a) factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>   . . . [and]
>
>   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

Id. at *2 (alterations in original) (citing 18 U.S.C. § 3553(a)).

Where the defendant's crime was violent and the defendant has a significant criminal history, the § 3553(a) factors do not favor compassionate release. In Spivey, the defendant was serving a sentence for violent robberies, had three juvenile delinquency adjudications prior to his commission of the robberies, and had three disciplinary infractions in prison. --- F. Supp. 3d at ----, 2020 WL 3828600, at *3. The Court held that "the Section 3553(a) factors do not warrant compassionate release." Id. It reasoned that "[t]he full sentence imposed by the judgment in this case is necessary to protect the safety of the community, to reflect the seriousness of the underlying crime, and in light of both the violence surrounding Defendant's underlying crime and his history with the criminal justice system." Id. (citations omitted).

Likewise, where the defendant has a history of recidivating and has not served a large portion of his sentence, the § 3553(a) factors do not warrant compassionate release. In United States v. Sotomayor, the defendant had "served 100 months of a 216-month sentence for a $1.5 million fraudulent scheme, committed after two previous fraud convictions." No. 11-cr-672 (E.D. Pa. July 8, 2020). The Court held that compassionate release was not warranted based on the § 3553(a) factors. Id. It reasoned that given the seriousness of the crime and the recidivist history of the defendant, releasing the defendant more than 100 months early would undermine the sentencing goals that the sentence reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. Id.

This case is like Spivey and Sotomayor in that granting compassionate release would undermine sentencing goals. It is true that the need to provide Young with medical care and protection against COVID-19 weigh in favor of compassionate release.[2] But this factor is outweighed by the other § 3553(a)

---

[2] The government argues that Young is safer in prison because travelling to obtain dialysis in Philadelphia, as Young must, will expose him to a greater risk of contracting COVID-19 than he faces at the in-house dialysis unit at FMC Devens, where he is currently housed. But the argument that prisons are safer than non-custodial settings is belied by the widely-available statistics showing that prisons have a higher coronavirus positivity rate. Compare Centers for Disease Control and Prevention, Testing Data in the U.S., https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/testing-in-us.html (last visited Aug. 20, 2020) (reporting a nationwide 9 percent positivity rate), with Federal Bureau of Prisons, COVID-19 Inmate Test Information,

factors, which weigh against granting the motion because the sentencing goals of just punishment, deterrence, and protecting the public would be undermined by Young's release.

The seriousness of Young's offense is highlighted not only by the amount of the proceeds from the crime but also by the use of a firearm. And Young's history indicates he is a danger to the public. Young has a history of recidivating, with an extensive criminal history, and his crime was violent in that he threatened violence in committing the robbery. Further, Young has more than a hundred months left on his total sentence, or more than six years, assuming he is awarded all the available remaining good conduct credit. Thus, releasing Young at this time would undermine the goals that the sentence reflect the seriousness of the offense, promote respect for the law, provide

---

https://www.bop.gov/coronavirus/ (last visited Aug. 20, 2020) (reporting 11,552 positive tests out of 44,844 total tests conducted, or about a 25 percent positivity rate). And a difference in testing protocol is unlikely to account for the differences in positive test rates because "[t]esting of inmates within the institution and by the local hospital is conducted in accordance with CDC and local health department guidance." Federal Bureau of Prisons, Correcting Myths and Misinformation about BOP and COVID-19, https://www.bop.gov/coronavirus/docs/correcting_myths_and_misinformation_bop_covid19.pdf (last visited Aug. 20, 2020). Instead, it appears that custodial settings present a higher risk of contracting COVID-19, especially when compared to places, like Philadelphia, which have managed to prevent the spread of the coronavirus, at least to some degree. See Andrews, --- F. Supp. 3d at ----, 2020 WL 4812626, at *1 ("Particularly at risk, because of the inherent conditions of incarceration, were persons kept in custodial environments."); Ellen Barry, U.S. Northeast, Pummeled in the Spring, Now Stands Out in Virus Control, N.Y. Times (July 22, 2020) https://www.nytimes.com/2020/07/22/us/coronavirus-northeast-governors.html ("Along the East Coast, from Delaware through Maine, new case reports remain at a low level, a small fraction of their April peak.").

just punishment, afford adequate deterrence, and protect the public.

Therefore, the Court will exercise its discretion to deny compassionate release on the basis of the § 3553(a) factors.

## V.  Conclusion

For the foregoing reasons, Young's motion for compassionate release will be denied. An appropriate Order follows.